UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GREGORY L. BRYANT-BEY, | ) | CASE NO. 1:05 CV 1514 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| KEITH WERNER, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On May 31, 2005, plaintiff pro se Gregory Bryant-Bey filed the above-captioned action against Mansfield Correctional Institution Sergeant Keith Werner. In the complaint, plaintiff alleges he was placed in the prison segregation unit for 24 days without a hearing. He seeks compensation "at no less than $1,000.00." (Compl. at 5.)

*Background*

Mr. Bryant-Bey is a death row inmate at the Mansfield Correctional Institution. He indicates that on January 3, 2004 he was sent to the segregation unit because he received a conduct report. He claims Sergeant Werner told him on January 6, 2004 that the conduct report was being referred to the Rules Infraction Board. He states the Rules Infraction Board refused to hear the report.

Mr. Bryant-Bey alleges that although he was not given a hearing, he spent 24 days in segregation and suffered a "loss of status" and a loss of his prison employment for which he believes he should receive monetary compensation. (Compl. at 4.)

*Analysis*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

As an initial matter, Mr. Bryant-Bey does not state a legal theory under which he brings his claim or claims. He provides only a narrative of facts and a prayer for relief. The complaint is written on a form used by prisoners generally filing claims under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Mr. Bryant-Bey does not identify a particular Constitutional right he believes the defendant to have violated.

Mr. Bryant-Bey attaches copies of several letters he sent to the Ohio Department of

Rehabilitation and Correction suggesting that his procedural due process rights were violated. To the extent that he is attempting to assert a due process claim in the complaint, it is without merit. A prisoner does not have a liberty interest in remaining free from disciplinary segregation. Sandin v. Conner, 515 U.S. 472, 485 (1995). Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of a court-imposed sentence. Sandin, 515 U.S. at 483. Although States may, under certain circumstances, create liberty interests protected by the Due Process Clause, the interests are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. There are no facts presented in the complaint that would reasonably suggest that the 24 days plaintiff spent in disciplinary confinement presented the type of atypical and significant hardship which would give rise to a liberty interest protected by the Due Process Clause. Id. at 485.

Furthermore, the loss of his prison job would not trigger due process protections. Prisoners have no protected liberty interest in prison employment. Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989).

If Mr. Bryant-Bey was attempting to assert some other type of claim, he has failed to do so. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up

questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against him and the defenses he might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action.

## *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                                */s/Dan Aaron Polster  8/8/05*
                                                DAN AARON POLSTER
                                                UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.